UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case: 1:17-cv-00773 (F-Deck) |
| v. | ) Assigned To : Unassigned |
| | ) Assign. Date : 4/27/2017 |
| COMMISSIONER OF INTERNAL REVENUE | ) Description: Pro Se Gen. Civil |
| SERVICE, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Antonio Johnson's petition for a writ of mandamus. Generally, the petitioner alleges that the charging instrument, described as "a Bill of Indictment produced by the Internal Revenue Service (Criminal Investigation Division) on a single count of conspiracy to posse[ss] or intent to posse[ss] 5 kilogram[s] or more of powder cocaine and 50 grams or more of crack cocaine," Pet. at 3 (page number designated by the petitioner), is invalid and beyond the scope of the IRS's authority, *see id.* at 4. The petitioner demands "Dismissal of the Bill of Indictment account no. 402cr00579CHW," and his release from custody. *Id.* at 2.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346

U.S. 379, 384 (1953)). This petitioner addresses none of these elements, and thus fails to meet his burden. Furthermore, a petition for a writ of mandamus is not a proper means by which to mount a collateral attack on a conviction or sentence. *See Fortson v. U.S. Sentencing Comm'n*, 109 F. App'x 437 (D.C. Cir. 2004) (affirming denial of "mandamus petition without prejudice on the ground that the petition represents a collateral attack on appellant's sentence that he must pursue through a motion to vacate his sentence filed in the sentencing court pursuant to 28 U.S.C. § 2255"); *Boyer v. Conaboy*, 983 F. Supp. 4, 8 (D.D.C. 1997) (noting that "the federal courts have been virtually unanimous that when a prisoner claims his § 2255 proceeding is inefficacious, lack of success in the sentencing court does not render his remedy inadequate or ineffective") (brackets, internal quotation marks, and citations omitted).[1]

The Court will grant the petitioner's application to proceed *in forma pauperis* and deny the petition for a writ of mandamus. An Order accompanies this Memorandum Opinion.

DATE:

4-11-17

_____
United States District Judge
J. Bashberg

---

[1] This is not the petitioner's first attack on his conviction and sentence. For example, his motion under 28 U.S.C. § 2255 was dismissed as untimely, and his subsequent petition under 28 U.S.C. § 2241 was dismissed because its claims were duplicative of the claims in the § 2255 motion. *See Johnson v. United States*, No. 4:02-CR-0579, 2012 WL 3011785, at *1 (D.S.C. July 23, 2012). The petitioner has been denied relief under the All Writs Act, and his petition for a writ of coram nobis has been denied. *See Johnson v. United States*, No. 4:01-CR-01003, 2016 WL 2659543 (D.S.C. May 9, 2016).